UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| PAUL A. STEVENSON, | No. C 10-04837 LB |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| v. | |
| MICHAEL ASTRUE, | [Re: ECF Nos. 24, 28] |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Paul Stevenson filed this action seeking judicial review of a final decision by Defendant Michael Astrue, the Commissioner of Social Security Administration ("SSA"), denying him Social Security Income ("SSI") disability benefits for his claimed disability of scoliosis and mood disorders. Complaint, ECF No. 1.[1] The Administrative Law Judge ("ALJ") found that Mr. Stevenson could work in jobs that exist in significant numbers in the national economy, and denied SSI disability benefits. Administrative Record ("AR") at 19.

Both parties moved for summary judgment. Plaintiff's Motion, ECF No. 17; Defendant's Opposition and Motion, ECF No. 20. On September 22, 2011, the court granted in part Mr. Stevenson's motion, denied Defendant's motion, and remanded the action back to the SSA "for further proceedings regarding the vocational expert's deviation from a definition in the Dictionary of

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 10-04837 LB

Occupational Titles ('DOT')." Summary Judgment Order, ECF No. 22 at 1-2.

Defendant now moves the court to reconsider its order. Motion, ECF No. 24. For the reasons described below, the court DENIES Defendant's motion.

## II. BACKGROUND

Mr. Stevenson applied for disability benefits on January 8, 2008. AR 120-26.[2] He alleged that he had been unable to work since November 7, 2002, due primarily to mood disorders and scoliosis. AR 120. Defendant denied his application both initially and upon reconsideration. AR 58-60. Mr. Stevenson timely requested a hearing before an ALJ on August 28, 2008. AR 82-83.

An ALJ conducted a hearing on March 9, 2010, in Oakland, California. AR 26-57. Both Mr. Stevenson, who appeared with his attorney, and vocational expert Malcolm Brodzinsky testified at the hearing. AR 26. On April 23, 2010, the ALJ found that Mr. Stevenson was not disabled because there were jobs existing in significant number in the national economy that he could perform. AR 19. The Appeals Council denied Mr. Stevenson's request for review on September 18, 2010. AR 1-3. On October 26, 2010, Mr. Stevenson timely sought judicial review under 42 U.S.C. § 405(g). Complaint, ECF No. 1.

Both sides moved for summary judgment. Plaintiff's Motion, ECF No. 17; Defendant's Opposition and Motion, ECF No. 20. On September 22, 2011, the court granted in part Mr. Stevenson's motion and denied Defendant's motion. Summary Judgment Order, ECF No. 22. The court granted in part Mr. Stevenson's motion because the ALJ relied upon Mr. Brodzinsky's testimony, which described the necessary functions of a "night patrol inspector" differently than they are set forth in the DOT, but did not provide an explanation as to why the deviation was warranted. The court's order explained:

> [A]n ALJ must rely primarily upon the DOT for guidance as to the employee requirements for different job types in the national economy. *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). The DOT creates a rebutt[able] presumption as to the job classification. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). Although the ALJ may also consult testimony from vocational experts, the ALJ must ask the vocational expert "'if the evidence he or she has provided' is

---

[2] Mr. Stevenson's actual filing date was January 8, 2008, and his protective filing date was December 31, 2007. AR 10, 120; *see* 20 C.F.R. § 416.345 (a written or oral inquiry for benefits is treated as the filing date for the application of benefits).

UNITED STATES DISTRICT COURT
For the Northern District of California

> consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict." *See Massachi*, 486 F.3d at 1153 (quoting Social Security Ruling 00-4p at *4). After finding a discrepancy, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles." *Id.*
>
> At the hearing, the vocational expert defined a "night patrol inspector" as "someone who is working at night walking around or using a cart to ride around a commercial establishment and making sure that all things are okay." AR 52. By contrast, the DOT describes the functions of a night patrol inspector as follows:
>
>> Patrols scheduled route to inspect operation of illuminated and animated signs. Drives company car along scheduled route at night. Inspects signs covered by company maintenance contract for specified appearance and operation. Reports faulty operation to service department. May perform minor repairs, such as replacing light bulbs.
>
> AR 221.
>
> Mr. Stevenson asserts that according to the DOT, the job requires the ability to drive a car and, consequently, a valid driver's licence. Plaintiff's Motion, ECF No. 26-27. Mr. Stevenson testified that he does not have a driver's license, that he has never taken the test, and that he believes he would not be able to pass the test. AR 32. The Commissioner contends that driving a company car does not necessarily require a driver's license if the driving takes place on private roads. Defendant's Opposition and Motion, ECF No. 20 at 10. The Commissioner also argues that although Mr. Stevenson does not currently have a driver's license, he presented no evidence showing that he could not pass the test. *Id.* at 10-11.
>
> The court finds that the ALJ failed to provide an explanation as to why the vocational expert's deviation from the DOT was warranted. Instead, he simply stated, "Pursuant to SSR 004-p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." AR 19. Given the discrepancy between the vocational expert's testimony and the DOT, and the absence of any information supporting the contention that driving would be limited to private roads, the ALJ's statement is inadequate to support his finding at step five that Mr. Stevenson could perform work as a "night patrol inspector." But as the Commissioner correctly argues, it is unclear whether Mr. Stevenson's disabilities prevent him from obtaining a driver's license and therefore preclude him from finding work as a "night patrol inspector." In this situation, remand for "enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation omitted). Accordingly, the court remands this case to the Commissioner for further administrative proceedings related to Mr. Stevenson's ability to obtain a driver's license.

Summary Judgment Order, ECF No. 22 at 22-23.

On October 20, 2011, Defendant filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Rule 59 Motion, ECF No. 24. Mr. Stevenson opposed it. Opposition, ECF

No. 25.[3]

## III. LEGAL STANDARD

A district court can "reconsider" final judgments or appealable interlocutory orders pursuant to Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989). A district court also can "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

Under this District's Civil Local Rules, plaintiffs must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9. In seeking permission from the court, plaintiffs must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. *Id.*. at 7-9(b). As such, reconsideration is appropriate only when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## IV. DISCUSSION

Before addressing the substance of Defendant's motion, the court first turns to a procedural issue. Defendant brings his motion as one for alteration of a judgment under Federal Rule of Civil Procedure 59(e). After the court entered its summary judgment order, however, no separate

---

[3] Defendant thereafter filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides for relief from a judgment upon a showing of mistake, surprise, or excusable neglect. Rule 60 Motion, ECF No. 28. In that motion, Defendant stated that the court mistakenly entered judgment in favor of Mr. Stevenson on November 15, 2011 without ruling on Defendant's Rule 59 motion. Memo ISO Rule 60 Motion, ECF No. 27 at 1-2. This is not correct; the court has not entered judgment in this case yet. Because no judgment has been entered, Defendant's motion for relief from it is DENIED.

judgment was entered as it should have been. *See* Fed. R. Civ. P. 58(a); *Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir. 1987) ("[T]he record does not reveal compliance with Fed. R. Civ. P. 58, which requires that '[e]very judgment shall be set forth on a separate document.' A sheet containing the judgment, usually prepared by the clerk, must be 'distinct from any opinion or memorandum.'") (citation omitted). Defendant's motion pursuant to Rule 59(e), then, is premature. But because the standard for reconsideration is the same whether sought under Rule 59 or Rule 54, the court will construe Defendant's motion as one for reconsideration under Rule 54(b) and the court's inherent power. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration is appropriate only when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law).

Upon consideration of the substance of Defendant's motion, the court does not believe that reconsideration is appropriate. Defendant's motion is not based on newly discovered evidence or an intervening change in controlling law. Rather, Defendant argues that the court's decision is clearly erroneous because his burden is to show that Mr. Stevenson is able to engage in the activities required by a night patrol driver, not to show that Mr. Stevenson would be able to obtain employment as one. Rule 59 Motion, ECF No. 24 at 2-4.

Defendant's understanding of his burden is correct, *see* 20 C.F.R. ss 404.1566, but his objection misunderstands the court's summary judgment order. The court did not remand the action because Defendant did not show that Mr. Stevenson would be able to get a job as a night patrol driver. The court remanded the action because the ALJ: (1) did not provide evidentiary support for his reliance on Mr. Brodzinsky's testimony that described the necessary functions of a night patrol inspector differently from the DOT; and (2) did not adequately support his finding that Mr. Stevenson is able to engage in the activities of a night patrol driver. Indeed, the ALJ failed to point to any evidence when he concluded that "[p]ursuant to SSR 004-p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." AR 19. And while it is true, as Defendant points out, that Mr. Stevenson testified that he did not have a driver's license and had never tried to take the test to obtain one (AR 32), this testimony does not shed light onto

whether Mr. Stevenson is able to engage in the activities of a night patrol driver.[4] On such a record, remand is appropriate. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (remanding action because, "in order for an ALJ to rely on a job description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation"); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793-94 (9th Cir. 1997) (remanding action in part because "[n]either the ALJ nor the vocational expert explained the reason for departing from the DOT"); *Valenzuela v. Astrue*, No. 10–cv–4426 JSC, 2011 WL 5573717, at *7-8 (N.D. Cal. Nov. 16, 2011) (remanding case for the ALJ's failure to explain any inconsistencies between vocational expert's testimony and the DOT); *cf.*, *Johnson v. Shalala*, 60 F.3d 1428, 1435 n.7 (9th Cir. 1995) ("In this case the ALJ's explanation is satisfactory because the ALJ made findings of fact that support a deviation from the DOT. The ALJ noted that the vocational expert described characteristics and requirements of jobs in the local area. Since the DOT is not invariably controlling, particularly where local job characteristics are concerned, the ALJ provided findings that fully satisfy [the requirement under *Terry v. Sullivan*, 903 F.2d 1273 (9th Cir. 1990), that an ALJ may rely on expert testimony which contradicts the DOT but only insofar as the record contains persuasive evidence to support the deviation]."). Accordingly, Defendant's motion for reconsideration is DENIED.

## V.  CONCLUSION

Based on the foregoing, Defendant's motion for reconsideration is DENIED.

This disposes of ECF Nos. 24 & 28.

**IT IS SO ORDERED.**

Dated: November 29, 2011

LAUREL BEELER
United States Magistrate Judge

---

[4] Defendant argued in its opposition and cross-motion for summary judgment that Mr. Stevenson is eligible to obtain a driver's license, but there is no evidence in the administrative record to support this argument. *See* Defendant's Opposition and Motion, ECF No. 20 at 8-10; *see generally* AR.