**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

# UNITED STATES  DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| PAUL A. STEVENSON, | No. C 10-04837 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| v. | |
| MICHAEL ASTRUE, | [Re: ECF No. 31] |
| Defendant. | |
| _____/ | |

## I.  INTRODUCTION

Plaintiff Paul Stevenson filed this action seeking judicial review of a final decision by Defendant Michael Astrue, the Commissioner of Social Security Administration ("SSA"), denying him Social Security Income ("SSI") disability benefits for his claimed disability of scoliosis and mood disorders.  Complaint, ECF No. 1.[1]  The Administrative Law Judge ("ALJ") found that Mr. Stevenson could work in jobs that exist in significant numbers in the national economy, and denied SSI disability benefits.  Administrative Record ("AR") at 19.

Both parties moved for summary judgment.  Plaintiff's Motion, ECF No. 17; Defendant's Opposition and Motion, ECF No. 20.  On September 22, 2011, the court granted in part Mr. Stevenson's motion, denied Defendant's motion, and remanded the action back to the SSA "for

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   further proceedings regarding the vocational expert's deviation from a definition in the Dictionary of

2   Occupational Titles ('DOT')."  Summary Judgment Order, ECF No. 22 at 1-2.  Mr. Stevenson now

3   moves to recover his attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

4   2412(d).  Motion for Fees, ECF No. 31.  Upon consideration of the papers submitted and the

5   applicable legal authority, the court **GRANTS** Mr. Stevenson's motion as follows.

## II.  BACKGROUND

7       Mr. Stevenson applied for disability benefits on January 8, 2008.  AR 120-26.[2]  He alleged that

8   he had been unable to work since November 7, 2002, due primarily to mood disorders and scoliosis.

9   AR 120.  Defendant denied his application both initially and upon reconsideration.  AR 58-60.  Mr.

10  Stevenson timely requested a hearing before an ALJ on August 28, 2008.  AR 82-83.

11      An ALJ conducted a hearing on March 9, 2010, in Oakland, California.  AR 26-57.  Both Mr.

12  Stevenson, who appeared with his attorney, and vocational expert Malcolm Brodzinsky testified at

13  the hearing.  AR 26.  On April 23, 2010, the ALJ found that Mr. Stevenson was not disabled because

14  there were jobs existing in significant number in the national economy that he could perform.  AR

15  19.  The Appeals Council denied Mr. Stevenson's request for review on September 18, 2010.  AR 1-

16  3.  On October 26, 2010, Mr. Stevenson timely sought judicial review under 42 U.S.C. § 405(g).

17  Complaint, ECF No. 1.

18      Both sides moved for summary judgment.  Plaintiff's Motion, ECF No. 17; Defendant's

19  Opposition and Motion, ECF No. 20.  On September 22, 2011, the court granted in part Mr.

20  Stevenson's motion and denied Defendant's motion.  Summary Judgment Order, ECF No. 22.  The

21  court granted in part Mr. Stevenson's motion because the ALJ relied upon Mr. Brodzinsky's

22  testimony, which described the necessary functions of a "night patrol inspector" differently than

23  they are set forth in the DOT, but did not provide an explanation as to why the deviation was

24  warranted.  The court's order explained:

25          [A]n ALJ must rely primarily upon the DOT for guidance as to the employee

26  _____

27      [2] Mr. Stevenson's actual filing date was January 8, 2008, and his protective filing date was
    December 31, 2007.  AR 10, 120; *see* 20 C.F.R. § 416.345 (a written or oral inquiry for benefits is
28  treated as the filing date for the application of benefits).

requirements for different job types in the national economy. *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). The DOT creates a rebutt[able] presumption as to the job classification. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). Although the ALJ may also consult testimony from vocational experts, the ALJ must ask the vocational expert "'if the evidence he or she has provided' is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict." *See Massachi*, 486 F.3d at 1153 (quoting Social Security Ruling 00-4p at *4). After finding a discrepancy, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles." *Id.*

At the hearing, the vocational expert defined a "night patrol inspector" as "someone who is working at night walking around or using a cart to ride around a commercial establishment and making sure that all things are okay." AR 52. By contrast, the DOT describes the functions of a night patrol inspector as follows:

> Patrols scheduled route to inspect operation of illuminated and animated signs. Drives company car along scheduled route at night. Inspects signs covered by company maintenance contract for specified appearance and operation. Reports faulty operation to service department. May perform minor repairs, such as replacing light bulbs.

AR 221.

Mr. Stevenson asserts that according to the DOT, the job requires the ability to drive a car and, consequently, a valid driver's licence. Plaintiff's Motion, ECF No. 26-27. Mr. Stevenson testified that he does not have a driver's license, that he has never taken the test, and that he believes he would not be able to pass the test. AR 32. The Commissioner contends that driving a company car does not necessarily require a driver's license if the driving takes place on private roads. Defendant's Opposition and Motion, ECF No. 20 at 10. The Commissioner also argues that although Mr. Stevenson does not currently have a driver's license, he presented no evidence showing that he could not pass the test. *Id.* at 10-11.

The court finds that the ALJ failed to provide an explanation as to why the vocational expert's deviation from the DOT was warranted. Instead, he simply stated, "Pursuant to SSR 004-p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." AR 19. Given the discrepancy between the vocational expert's testimony and the DOT, and the absence of any information supporting the contention that driving would be limited to private roads, the ALJ's statement is inadequate to support his finding at step five that Mr. Stevenson could perform work as a "night patrol inspector." But as the Commissioner correctly argues, it is unclear whether Mr. Stevenson's disabilities prevent him from obtaining a driver's license and therefore preclude him from finding work as a "night patrol inspector." In this situation, remand for "enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation omitted). Accordingly, the court remands this case to the Commissioner for further administrative proceedings related to Mr. Stevenson's ability to obtain a driver's license.

Summary Judgment Order, ECF No. 22 at 22-23.

On October 20, 2011, Defendant filed a motion for reconsideration pursuant to Federal Rule of

1    Civil Procedure 59(e).  Motion for Reconsideration, ECF No. 24.[3]  Mr. Stevenson opposed it.

2    Opposition, ECF No. 25.  On December 6, 2011, the court denied Defendant's motion.  12/6/2011

3    Order, ECF No. 29.  The court provided the following explanation:

4         Upon consideration of the substance of Defendant's motion, the court does not
         believe that reconsideration is appropriate.  Defendant's motion is not based on newly
5        discovered evidence or an intervening change in controlling law.  Rather, Defendant
         argues that the court's decision is clearly erroneous because his burden is to show
6        that Mr. Stevenson is able to engage in the activities required by a night patrol driver,
         not to show that Mr. Stevenson would be able to obtain employment as one.  Rule 59
7        Motion, ECF No. 24 at 2-4.

8         Defendant's understanding of his burden is correct, *see* 20 C.F.R. § 404.1566, but
         his objection misunderstands the court's summary judgment order.  The court did not
9        remand the action because Defendant did not show that Mr. Stevenson would be able
         to get a job as a night patrol driver.  The court remanded the action because the ALJ:
10       (1) did not provide evidentiary support for his reliance on Mr. Brodzinsky's
         testimony that described the necessary functions of a night patrol inspector differently
11       from the DOT; and (2) did not adequately support his finding that Mr. Stevenson is
         able to engage in the activities of a night patrol driver.  Indeed, the ALJ failed to
12       point to any evidence when he concluded that "[p]ursuant to SSR 004-p, the
         vocational expert's testimony is consistent with the information contained in the
13       Dictionary of Occupational Titles."  AR 19.  And while it is true, as Defendant points
         out, that Mr. Stevenson testified that he did not have a driver's license and had never
14       tried to take the test to obtain one (AR 32), this testimony does not shed light onto
         whether Mr. Stevenson is able to engage in the activities of a night patrol driver.  On
15       such a record, remand is appropriate.  *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th
         Cir. 2001) (remanding action because, "in order for an ALJ to rely on a job
16       description in the Dictionary of Occupational Titles that fails to comport with a
         claimant's noted limitations, the ALJ must definitively explain this deviation"); *Light
17       v. Soc. Sec. Admin.*, 119 F.3d 789, 793-94 (9th Cir. 1997) (remanding action in part
         because "[n]either the ALJ nor the vocational expert explained the reason for
18       departing from the DOT"); *Valenzuela v. Astrue*, No. 10–cv–4426 JSC, 2011 WL
         5573717, at *7-8 (N.D. Cal. Nov. 16, 2011) (remanding case for the ALJ's failure to
19       explain any inconsistencies between vocational expert's testimony and the DOT); *cf.*,
         *Johnson v. Shalala*, 60 F.3d 1428, 1435 n.7 (9th Cir. 1995) ("In this case the ALJ's
20       explanation is satisfactory because the ALJ made findings of fact that support a
         deviation from the DOT.  The ALJ noted that the vocational expert described
21       characteristics and requirements of jobs in the local area.  Since the DOT is not
         invariably controlling, particularly where local job characteristics are concerned, the
22       ALJ provided findings that fully satisfy [the requirement under *Terry v. Sullivan*, 903
         F.2d 1273 (9th Cir. 1990), that an ALJ may rely on expert testimony which
23       contradicts the DOT but only insofar as the record contains persuasive evidence to
         support the deviation].").

24

25

26       _____

27       [3] Defendant also filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(1), which
         provides for relief from a judgment upon a showing of mistake, surprise, or excusable neglect.  Rule
28       60 Motion, ECF No. 28.  The court denied that motion because the court had not entered judgment
         in this case.  12/6/2011 Order, ECF No. 29 at 4 n.3.

1    12/6/2011 Order, ECF No. 29 at 5-6 (footnote omitted).

2        On January 31, 2012, Mr. Stevenson moved to recover $10,224 in attorney's fees.  Motion for

3    Fees, ECF No. 31.  Defendant opposed it, Opposition, ECF No. 33, and Mr. Stevenson filed a reply,

4    Reply, ECF No. 34.

5                              **III.  LEGAL STANDARD**

6        The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in

7    any civil action . . . including proceedings for judicial review of agency action, brought by or against

8    the United States . . . unless the court finds that the position of the United States was substantially

9    justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  To be

10   considered a prevailing party eligible to receive an award of attorney fees under the EAJA, the party

11   must have received a final judgment in the civil action.  28 U.S.C. § 2412(d)(2)(H).  A claimant who

12   receives a remand order in a Social Security case is a prevailing party for EAJA purposes.  *Shalala*

13   *v. Shaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

14       The burden of proof that the government's position was substantially justified rests on the

15   government.  *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*,

16   408 F.3d 613, 618 (9th Cir. 2005).  The Supreme Court has defined "substantially justified" as

17   "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552,

18   565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).  "A substantially justified position must have a

19   reasonable basis in both law and fact."  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

20       Establishing that a position was substantially justified is a two-step process.  28 U.S.C. §

21   2412(d)(2)(D); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998).  First, the defendant must show

22   that "the action or failure to act by the agency" was substantially justified.  *Kali*, 854 F.2d at 332.

23   Second, the defendant must show that the government was substantially justified in defending the

24   validity of the civil action.  *Id.*

25       Recoverable fees and expenses include reasonable expenses of expert witnesses, reasonable costs

26   of any study, analysis, report, test, or project found by the court to be necessary for the prevailing

27   party's case, and reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).  Attorney fees may not be

28   awarded in excess of $125 per hour unless the court determines that a higher fee is justified by either

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1    an increase in the cost of living or a special factor (such as the limited availability of qualified

2    attorneys for the proceeding involved). *Id.*  Furthermore, a party may recover the filing fee for the

3    action. 28 U.S.C. § 2412(a)(2).  The prevailing party has the burden of proof that fees awarded

4    under the EAJA are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *Atkins v.*

5    *Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the

6    EAJA).

7                                        **IV.  DISCUSSION**

8         For EAJA purposes, Mr. Stevenson is the prevailing party in this action because the court

9    granted in part his motion for summary judgment and remanded the case to the Social Security

10   Administration for further proceedings. *Shaefer*, 509 U.S. at 301-02; *Flores*, 49 F.3d at 568.  Thus,

11   he should be awarded reasonable attorney fees "unless the court finds that the position of the United

12   States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

13   2412(d)(1)(A).[4]  Defendant argues that substantial justification exists and that Mr. Stevenson's

14   motion for fees should be denied.  But if the fees are awarded, Defendant argues that they must be

15   reduced.

16   **A.  Substantial Justification**

17        The court does not believe that Defendant has shown that the ALJ's decision was substantially

18   justified or that it was substantially justified in defending the validity of the ALJ's decision. *See*

19   *Kali*, 854 F.2d at 332.  As the summary above makes clear, the court found that the ALJ failed to

20   provide an explanation as to why the vocational expert's deviation from the DOT was warranted.

21   Summary Judgment Order, ECF No. 22 at 23.  Instead, the ALJ simply stated, "Pursuant to SSR

22   004-p, the vocational expert's testimony is consistent with the information contained in the

23   Dictionary of Occupational Titles." *Id*. (quoting AR 19).  Given the discrepancy between the

24   _____

25        [4] Attorney fees and costs are awardable under the EAJA to the prevailing claimant in a case
     involving review of a denial of Social Security benefits. *See Sullivan v. Hudson*, 490 U.S. 877, 883-
26   85 (1989); *Shalala*, 509 U.S. at 295-97; *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir. 1984).
     An application for them must be filed within 30 days after the judgment is final and not appealable.
27   28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G).  Judgment was entered on November 29, 2011, and it
28   became final on January 28, 2012.  Mr. Stevenson's application is timely.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

vocational expert's testimony and the DOT, and the absence of any information supporting the contention that driving would be limited to private roads, the ALJ's statement was inadequate to support his finding at step five that Mr. Stevenson could perform work as a "night patrol inspector." *Id.*

The Ninth Circuit has made it clear that "basic and fundamental" procedural errors, such as the one that occurred here[5], are difficult to justify. *See Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) (finding no substantial justification where the ALJ failed to determine whether the claimant's testimony regarding "excess pain" that she suffered as a result of her medical problems was credible, and whether one of her doctors — who had ordered her to lift no more than five pounds — had intended the lifting restriction to be temporary or permanent); *Guiterrez*, 274 F.3d at 1259 ("'[F]inding that an agency's position was substantially justified when the agency's position was based on violations of . . . the agency's own regulations, constitutes an abuse of discretion.'") (quoting *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir. 1996) (holding that NTSB abused its discretion by finding FAA position substantially justified where it had violated its own policy orders); *see also Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the ALJ failed to make necessary inquiries of the claimant and his mother and neglected to adequately examine evidence); *Flores*, 49 F.3d at 569-71 (holding that the government's decision to oppose claimant's remand request on appeal was not substantially justified when the ALJ failed to consider a "vocational report" bearing on the issue of disability).

---

[5] *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (remanding action because, "in order for an ALJ to rely on a job description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation"); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793-94 (9th Cir. 1997) (remanding action in part because "[n]either the ALJ nor the vocational expert explained the reason for departing from the DOT"); *Valenzuela v. Astrue*, No. 10–cv–4426 JSC, 2011 WL 5573717, at *7-8 (N.D. Cal. Nov. 16, 2011) (remanding case for the ALJ's failure to explain any inconsistencies between vocational expert's testimony and the DOT); *cf. Massachi v. Astrue*, 486 F.3d 1149, 1150 (9th Cir. 2007) (holding that an ALJ may not rely on the testimony of a vocational expert regarding the requirements of a particular job without first inquiring whether that expert's testimony conflicts with the DOT).

UNITED STATES DISTRICT COURT
For the Northern District of California

**B. The Amount of Requested Fees**

    **1. Mr. Stevenson's Claimed Attorney Fee Rates**

    Attorney fees may not be awarded in excess of $125 per hour, unless the court determines a higher fee is justified by an increase in the cost of living, or a special factor exists. 28 U.S.C. § 2412(d)(2)(A). Including adjustments for cost of living increases, Mr. Stevenson requests fee rates of $175.06 per hour for work done by counsel Glenn Clark during 2010 and $180.58 per hour for work done during 2011. Motion for Fees, ECF No. 31 at 6.[6] Astrue does not challenge the requested fee rates. *See* Opposition, ECF No. 33 at 6-7. The court also notes that Mr. Stevenson's requested fee rates also do not exceed the statutory maximum annual fee rates for 2010, 2011, or 2012. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, *at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (Aug. 14, 2012). Accordingly, the court finds the claimed fee rates to be reasonable.

    **2. Mr. Stevenson's Claimed Attorney Hours**

    Mr. Stevenson requests reimbursement of $10,661.50 for 59.3 hours of work. Motion for Fees, ECF No. 31 at 6-7. His counsel submitted billing records that described each task performed and the hours spent on it. Clark Declaration, ECF No. 32 at 5-6. Defendant requests that the court award only one-third of these hours because the total number of hours is excessive. Opposition, ECF No. 33 at 7.

    Defendant argues that the claimed hours are excessive for two reasons. *Id*. at 6-7. First,

---

    [6] The method for calculating the cost of living adjustment is set forth in *California Marine Cleaning Service v. U.S.*, 43 Fed. Cl. 724 (1999). Mr. Stevenson submits the following formula: (CPI [the Department of Labor's Consumer Price Index] at time services were rendered ÷ CPI as of March 1996) x $125. The court in *California Marine Cleaning Service* used the CPI for "All Urban Consumers, U.S. City Averages, All Items." *Id*. at 734 n.7. That CPI stood at 155.7 in March 1996. *Id*. at 734 n.9. Mr. Stevenson points out that services in this case were rendered in 2010, when the CPI for "All Urban Consumers, U.S. City Averages, All Items" was 218.056; in 2011, when the CPI for "All Urban Consumers, U.S. City Averages, All Items" was 224.939; and in January 2012, for which no CPI existed at the time Mr. Stevenson filed his motion. Using an average of these two CPI numbers, Mr. Stevenson requests an award at the rate of $175.06 per hour worked in 2010 (218.056/155.7 x $125 = $175.06) and at the rate of $180.58 per hour worked in 2011 and January 2012 (224.939/155.7 x $125 = $180.58). Motion for Fees, ECF No. 31 at 6.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   Defendant suggests that the issues raised in this action simply did not warrant spending "more than

2   24 hours to draft the [motion for summary judgment], another 12 hours to draft [the] reply, and 11

3   more hours to respond to [its motion for reconsideration]." *Id*. at 6. Defendants says that, aside

4   from one purportedly "inapposite" decision, Mr. Stevenson's counsel, who is an experienced

5   attorney in this area of the law, cited only "standard cases" in his briefs. *Id*. at 6-7.

6       The court is not persuaded. As an initial matter, the court notes that Defendant cites no authority

7   in favor of its this-case-was-easy argument. More importantly, though, even if the legal issues in

8   this case did cover well-worn territory, that does not necessarily mean that drafting the briefs should

9   have taken only minimal time. Each case has its own unique facts, which must be stated clearly and

10  concisely, and each brief must contain arguments set forth in a coherent and persuasive way. This is

11  not always an easy task, even when there is relevant, controlling authority that a party believes

12  applies. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000) ("Social security cases

13  are fact-intensive and require a careful application of the law to the testimony and documentary

14  evidence, which must be reviewed and discussed in considerable detail."). Indeed, the court itself

15  spent considerable time drafting both its order granting in part Mr. Stevenson's motion for summary

16  judgment and its order denying Defendant's motion for reconsideration. Based on its understanding

17  of the facts of this case and the applicable law, the court does not find the sheer number of hours that

18  Mr. Stevenson's counsel spent on his three briefs to be unreasonable. *See Vaughn v. Heckler*, 860

19  F.2d 295, 295-96 (8th Cir. 1988) (approving 77 hours upon EAJA request).

20      Second, citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983), Defendant argues that Mr.

21  Stevenson's claimed hours should be reduced because he "did not succeed on most of his

22  arguments," as the court based its ruling on the ALJ's erroneous finding at step five only. *Id*. at 6-7.

23  It is true that the United States Supreme Court stated in *Hensley* that "[a] reduced fee award is

24  appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as

25  a whole." 461 U.S. at 440.[7] But there, the Court distinguished between whether a plaintiff receives

26  _____

27      [7] The Court explained that "[w]here the plaintiff has failed to prevail on a claim that is
    distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should
28  be excluded." *Hensley*, 461 U.S. at 440. In this situation, courts are to ask (1) whether the plaintiff

UNITED STATES DISTRICT COURT
For the Northern District of California

1   his or her desired relief and whether the plaintiff wins on all his or her theories in support of that

2   relief.  Indeed, Defendant seems to ignore the language from *Hensley* that is most pertinent to the

3   argument present here:

4

5   > Where a plaintiff has obtained excellent results . . . the fee award should not be
    > reduced simply because the plaintiff failed to prevail on every contention raised in the

6   > lawsuit. . . .  Litigants in good faith may raise alternative legal grounds for a desired
    > outcome, and the court's rejection of or failure to reach certain grounds is not a

7   > sufficient reason for reducing a fee.  The result is what matters.

8   461 U.S. at 435 (citation omitted).  Here, Defendant does not argue that Mr. Stevenson did not

9   obtain the result that he desired, namely, this court's finding that the ALJ erred.  Rather, Defendant

10  merely points out that Mr. Stevenson did not win on all of his arguments, but this, on its own, does

11  not support a reduction in fees.  *See id*.  Thus, in a situation where Mr. Stevenson argued that the

12  ALJ erred in denying his claim for Social Security benefits for several reasons, and where this court

13  agreed with him with respect to one of these reasons and remanded the action for further

14  proceedings consistent with the court's order, the court will not reduce the claimed hours.  "The

15  result is what matters," and Mr. Stevenson got what he wanted.

16      Accordingly, the court will not reduce the hours claimed by Mr. Stevenson.   He shall be

17  awarded $10,661.50 in attorney fees based on 59.3 attorney hours.

18  **3.  <u>Award of Fees to Mr. Stevenson Directly</u>**

19      In his motion, Mr. Stevenson requests that the payment of attorney fees be made directly to his

20  attorney based on a fee assignment.  Motion for Fees, ECF No. 32 at 7; Clark Declaration, ECF No.

21  32, Ex. A.[8]  Defendant argues such a request is contrary to the EAJA and *Astrue v. Ratliff*, 560 U.S. -

22

23  ────────────────

24  failed to prevail "on claims that were unrelated to the claims on which he succeeded"; and (2)
    whether the plaintiff "achieve[d] a level of success that makes the hours reasonably expended a

25  satisfactory basis for making a fee award."  *Id*. at 433.

26      [8] Mr. Stevenson's counsel attached to his declaration a copy of the fee agreement between
    him and Mr. Stevenson.  Clark Declaration, ECF No. 32, Ex. A.  That agreement states: "In the

27  event Client's claim is denied by the Social Security Administration and Attorney files suit on
    Client's behalf in United States District Court, Attorney will charge an additional fee for

28  representation in federal court.  In the event a court award fees under the Equal Access to Justice

---, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010).  In *Ratliff*, the United States Supreme Court "resolved a longstanding circuit split on the question of whether fee awards under EAJA were payable to the party or the attorney by holding that EAJA awards are to be paid to the prevailing litigant." *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011) (citing *Ratliff*, 130 S.Ct. at 2525–29).  The Court based its decision, in part, on the specific language in EAJA directing payments to the "prevailing party, which is " a 'term of art' that refers to the prevailing litigant." *Ratliff*, 130 S.Ct. at 2525.  But as the Ninth Circuit has explained:

> The Court's decision in *Ratliff* did not stop there, however.  It went on to highlight the absence of language in EAJA explicitly directing fees to attorneys.  Comparing EAJA with a provision in the Social Security Act making fee awards payable "to such attorney," *see* 42 U.S.C. § 406(b)(1)(A), the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Ratliff*, 130 S.Ct. at 2527–28.  As the Court noted, Congress "knows how to make fees awards payable directly to attorneys where it desires to do so." *Id.* at 2527.
>
> Ratliff counsels that in the absence of explicit instructions from Congress awarding fees to the attorney, direct payment to the attorney should not be presumed. *Id.*

*$186,416.00 in U.S. Currency*, 642 F.3d at 755-56.

Mr. Stevenson is the prevailing party in this case.  Accordingly, under *Ratliff*, Mr. Stevenson, and not his attorney, is entitled to the direct payment of the EAJA award.  *See Smith v. Astrue*, No. C 10–4814 PJH, 2012 WL 3114595, at \*5-6 (N.D. Cal. July 31, 2012) (ordering fees to be paid directly to plaintiff, regardless of fee assignment).

## V.  CONCLUSION

Based on the foregoing, Defendant's motion for attorney's fees is **GRANTED**.  The court awards Mr. Stevenson attorney fees under EAJA in the amount of $10,661.50.  This award will be paid to Mr. Stevenson directly.

This disposes of ECF No. 31.

---

Act, Attorney and Client agree that such award shall constitute the fee for representation in federal court and shall be assigned and paid directly to Attorney." *Id.*

UNITED STATES DISTRICT COURT
For the Northern District of California

**IT IS SO ORDERED.**

Dated: November 5, 2012

_____
LAUREL BEELER
United States Magistrate Judge